IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATHANIEL HOUSTON,         ) | |
| ID # 2017123,              ) | |
| Petitioner,                ) | |
| vs.                        ) | No. 3:18-CV-03199-G (BH) |
|                            ) | |
| LORIE DAVIS, Director,     ) | |
| Texas Department of Criminal  ) | |
| Justice, Correctional Institutions Division, ) | |
| Respondent.                ) | Referred to U.S. Magistrate Judge[1] |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the petitioner's *Motion for Bail,* received June 2, 2020 (doc. 38). Based on the relevant filings and applicable law, the motion is **DENIED.**

Nathaniel Houston (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Hughes Unit, in Gatesville, Texas, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his August 7, 2015 conviction and 25-year sentence for aggravated sexual assault of a child. (*See* doc. 1 at 2; doc. 17 at 2; doc. 21 at 1.)[2] He now seeks to be released on bond pending determination of his habeas petition, citing the merits of his claims. (*See* doc. 38 at 2-6.) He also alleges that extraordinary circumstances supporting his release exist because Texas state prisoners have tested positive for COVID-19, and his medical condition places him at special risk for severe complications from it. (*Id.* at 6-8.)

Despite the "lack of specific statutory authorization," federal district courts have inherent power and jurisdiction to release prisoners, including state prisoners, on bail pending determination of a federal habeas corpus petition. *See In re Wainwright,* 518 F.2d 173, 174 (5th Cir.1975) (per

---

[1] By *Special Order No. 3-251*, this habeas case has been referred for findings, conclusions and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page.

curiam).³ In order to show entitlement to release pending determination of his habeas petition, a state prisoner must show he "has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary and exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974) (per curiam)⁴; *see also Nelson v. Davis,* 739 F. App'x 254 (5th Cir. 2018) (per curiam) (applying *Calley* standard to denial of bail pending determination of a state prisoner's § 2254 petition); *Watson v. Goodwin,* 709 F. App'x 311 (5th Cir. 2018) (per curiam) (same); *Beasley v. Stephens*, 623 F. App'x. 192 (5th Cir. 2015) (same). *Nelson* noted that *Calley* set forth examples of "extraordinary circumstances" justifying release, including "'serious deterioration of the petitioner's health while incarcerated'; where a short sentence for a relatively minor crime is 'so near completion that extraordinary action is essential to make collateral review truly effective'; and possibly where there has been an 'extraordinary delay in processing a habeas corpus petition.'" 739 F. App'x at 255 (quoting *Calley*, 496 F.2d at 702 n.1).

Here, Petitioner relies on the alleged merit of his habeas claims in support of his claim that he has raised substantial constitutional claims upon which he has a high probability of success. (*See* doc. 38 at 2-6.) Notably, the respondent contends that his claims are untimely and unexhausted. (*See* doc. 21.) Petitioner has not made the required showing to justify release pending determination of his habeas petition. Notwithstanding this failure, however, "[r]egardless of the merits of

---

³In *Wainright*, the Fifth Circuit Court of Appeals "observe[d] without deciding that it that it is probably within the power of a United States magistrate [judge] to enlarge a state prisoner on bail pending district court consideration of his habeas corpus action." *Id.* at n. 1 (citing 28 U.S.C. § 636(a)(1)).

⁴ The Fifth Circuit has noted that although *Calley* involved a habeas petitioner whose underlying conviction was in the military court system, it drew the legal standard in that case from *Aronson v. May*, 85 S.Ct. 3 (1964), which involved a civilian challenging his convictions in federal district court. *See United States v. Pfluger,* 522 F. App'x 217, 218 n. 1. (5th Cir. 2013) (per curiam).

[Petitioner's] claims, on which the district court has not yet ruled, [he] has not shown the existence of any 'extraordinary or exceptional circumstances' necessitating his release on bond to make the post-conviction remedy effective." *United States v. Roberts*, 250 F.3d 744, 2001 WL 274751, at *1 (5th Cir. 2001) (*per curiam*). Petitioner has not alleged any exceptional or "extraordinary circumstances" such as those identified in *Calley*, or any circumstances similar or analogous to the examples set out in that case. He relies solely on the existence of a global coronavirus pandemic and the presence of coronavirus in some state prison facilities, alleging that he has a medical condition that places him at special risk for severe complications if he contracts it.

The only case that appears to have considered whether the coronavirus pandemic is an "extraordinary circumstance" in this context has noted that "[a]lthough the Coronavirus public health crisis continues, it does not make the grant of bail necessary to make the habeas remedy petitioner seeks effective." *Awan v. Davis*, No. 4:20-cv-0135-A (N.D. Tex. Mar. 27, 2020), doc. 13 at 2, *aff'd*, __F. App'x__, 2020 WL 2745936, at *1 (5th Cir. May 26, 2020) (*per curiam*) (affirming district court's order denying state prisoner's motion for bond pending disposition of federal habeas application due to allegedly dangerous prison conditions resulting from COVID-19). Likewise, the coronavirus pandemic does not make the grant of bail necessary to make the habeas remedy Petitioner seeks effective in this case.[5] The motion for release on bond is **DENIED**.

---

[5] Notably, Petitioner does not allege that anyone in the facility in which he is being detained is symptomatic or has been diagnosed with COVID-19, that he has been exposed to anyone who is symptomatic or has been diagnosed with COVID-19, that the facility is not taking reasonable measures to prevent the spread of COVID-19 or to protect him from it, or that it unequipped to treat infected inmates. As noted in the context of pretrial detention, "[w]hile [Petitioner's] concerns about the pandemic are not without merit, that alone is insufficient to warrant release without consideration of the [relevant] factors." *United States v. Okhumale*, No. 3:20-cr-122-L, 2020 WL 1694297, at *6 (N.D.Tex. Apr. 7, 2020); *see also United States v. Kerr*, No. 3:19-cr-296-L, 2020 WL 1529180, at *3 (N.D. Tex. Mar. 31, 2020) ("the court cannot not release every detainee who may be at risk of contracting COVID-19, as it would then be required to release all detainees.").

**SIGNED this 5th day of June, 2020.**

                                                  _____
                                                  IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE