IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATHANIEL HOUSTON,<br>    ID # 2017123,<br>        Petitioner, | )<br>)<br>)<br>) | |
| vs. | ) | No. 3:18-CV-3199-G-BH |
| | ) | |
| DIRECTOR, Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | )<br>)<br>) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are the *Petitioner's Motion Pursuant to Federal Rule of Civil Procedure 60(b)(1)*, received on November 17, 2020 (doc. 44), and the *Petitioner's Motion Pursuant to Federal Rules* [sic] *of Civil Procedure 60(b)(1)(6)*, received on December 10, 2020 (doc. 46). Based on the relevant filings and applicable law, the motions should be construed as seeking reconsideration under Federal Rule of Civil Procedure 54(b) and **DENIED**.

### I.    BACKGROUND

Nathaniel Houston (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his August 7, 2015 conviction and sentence for aggravated sexual assault of a child under 14 years of age. (*See* doc. 1 at 2; doc. 17 at 2; doc. 22-3 at 138.)  On June 2, 2020, Petitioner filed a motion for release on bond pending determination of his habeas petition.  (*See* doc. 38.)  In support, he cited the merits of his § 2254 claims and alleged that extraordinary circumstances supporting his release existed because Texas state

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

prisoners had tested positive for COVID-19, and his medical condition placed him at special risk for severe complications from it.  (*See id.* at 2-8.)  His motion was denied on June 5, 2020.  (*See* doc. 39.)  Petitioner appealed the denial to the United States Court of Appeals for the Fifth Circuit (Fifth Circuit), which dismissed the appeal for lack of jurisdiction.  (*See* docs. 40, 42.)

Petitioner now claims his appeal was improperly sent to the Fifth Circuit, that he meant for it to be sent to the district judge, and that he "was not allowed judicial review of his motion [for bail] – preventing proper adjudication of his Motion."  (doc. 44 at 2; *see also* doc. 46 at 2-3.)  He challenges and seeks review of the denial of his motion for bail.  (*See* doc. 44 at 3; doc. 46 at 4.)

## II.    NATURE OF FILING

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) [of the Federal Rules of Civil Procedure] or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)," depending on "when the motion was filed." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012); *see also Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."). Where a motion does not challenge a final judgment, it is considered under Rule 54(b).  *See McClendon v. United States,* 892 F.3d 775, 781 (5th Cir. 2018) (citing *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)); *see also Moctezuma v. Islas*, No. 4:18-CV-342, 2020 WL 1984326, at *2 (E.D. Tex. Apr. 27, 2020) (construing motion and objections received after entry of order adjudicating fewer than all claims in the suit as a motion to reconsider under Rule 54(b)).  Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a

2

judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

Here, although Petitioner expressly seeks relief under Rule 60(b)(1) and (b)(6), he does not challenge a final judgment or order. His motions are therefore properly considered under Rule 54(b).

### III.    FED. R. CIV. P. 54(b)

Under Rule 54(b), "'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin*, 864 F.3d at 336 (quoting *Lavespere,* 910 F.2d at 185). The Fifth Circuit has specifically noted Rule 54(b)'s flexibility, which reflects courts' inherent power to provide relief from interlocutory orders and decisions "'as justice requires.'" *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015)); *Cabral v. Brennan*, 853 F.3d 763, 766 n. 3 (5th Cir. 2017).

Petitioner challenges the denial of his motion for release pending determination of his § 2254 petition. He does not present any new arguments or evidence to support his request. As noted in the June 5, 2020 order, Petitioner's request was denied because he did not make the required showing to justify release pending determination of his habeas petition, and because he had not alleged any exceptional or "extraordinary circumstances" making the grant of bail necessary to make the habeas remedy Petitioner seeks effective in this case. (*See* doc. 39 at 3-4.) He has still not made the required showing, so his motions for reconsideration of the denial of bail should be denied.

### IV.    RECOMMENDATION

The *Petitioner's Motion Pursuant to Federal Rule of Civil Procedure 60(b)(1)*, received

on November 17, 2020 (doc. 44), and the *Petitioner's Motion Pursuant to Federal Rules* [sic] *of Civil Procedure 60(b)(1)(6)*, received on December 10, 2020 (doc. 46), should be construed as motions for reconsideration under Federal Rule of Civil Procedure 54(b) and **DENIED**.

**SIGNED this 4th day of October, 2021.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE