IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATHANIEL HOUSTON, ) | |
|     ID # 2017123, ) | |
|         Petitioner, ) | |
| ) | |
| vs. ) | No. 3:18-CV-3199-G-BH |
| ) | |
| DIRECTOR, Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|         Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Final Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on January 8, 2019 (doc. 17). Based on the relevant filings and applicable law, the petition should be **DENIED** with prejudice.

### I.  BACKGROUND

Nathaniel Houston (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his August 7, 2015 conviction and sentence in the 292nd Judicial District Court of Dallas County, Texas. (*See* doc. 17 at 2.)[2] The respondent is the Director of TDCJ-CID (Respondent). (*See id.* at 1.)

**A.   State Court Proceedings**

In 2011, Petitioner was indicted for aggravated sexual assault of a child under 14 years of age in Case No. F11-26764-V in the 292nd Judicial District Court of Dallas County, Texas. (*See*

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

doc. 22-3 at 15.)  He pleaded not guilty, and after a trial, a jury found him guilty and sentenced him to 25 years' imprisonment in the TDCJ-CID.  (*See id.* at 129, 138.)  On October 19, 2016, the judgment was affirmed on appeal.  (*See* doc. 22-1); *see also Houston v. State*, No. 08-15-00313-CR, 2016 WL 6092964 (Tex. App.—El Paso Oct. 19, 2016, no pet.).  Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.  (*See* doc. 17 at 3; doc 21-1 at 2.)

Petitioner's state habeas application, signed on July 6, 2017, was received by the trial court on July 13, 2017.  (*See* doc. 29-11 at 21-46.)  On September 20, 2018, the trial court entered findings of fact and conclusions of law and recommended that the application be denied.  (*See* doc. 29-9 at 12-18.)  On November 7, 2018, the Texas Court of Criminal Appeals denied the habeas application without written order on the findings of the trial court without a hearing.  (*See* doc. 29-1); *Ex parte Houston*, No. WR-87,339-01 (Tex. Crim. App. Nov. 7, 2018).

**B.**     **<u>Substantive Claims</u>**

In his final amended § 2254 petition, Petitioner asserts three grounds for relief:

(1)   Petitioner was deprived effective assistance of counsel when the trial court failed to hold a hearing on known irreconcilable conflicts and the breakdown in communication between counsel and client;

(2)   Petitioner was denied effective assistance of counsel when trial counsel erroneously advised him he had no right to represent himself;

(3)   Ineffective Assistance of Appellate Counsel 6TH & 14TH AMENDMENT OF THE U.S. CONSTITUTION**.**

(doc. 17 at 6-7.)  Respondent filed a response on March 15, 2019, and Petitioner filed a reply on March 26, 2019.  (*See* docs. 21, 23.)  Respondent filed an amended response on May 3, 2019, and Petitioner filed a supplemental amended reply on May 14, 2019.  (*See* docs. 30, 31.)

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). As for the "unreasonable application" standard, a writ may issue "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*; *accord*

*Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793. "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). A petitioner must show that "there was no reasonable basis for the state court to deny relief." *Id.* at 98.

A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142,149-52 (5th Cir. 2003). The AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693 (2002) (citing *Williams*, 529 U.S. at 403-04). A state application that is denied without written order by the Texas Court of Criminal Appeals is an adjudication on the merits. *See Singleton v. Johnson*, 178 F. 3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc) (holding that a denial signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).

Section 2254(d)(2) concerns questions of fact. *See Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings

unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

### III.     FAILURE TO CONDUCT HEARING

In his first ground, Petitioner contends that the trial court deprived him of effective assistance of counsel when it "fail[ed] to hold a hearing pursuant to Holloway; 435 U.S. 478 (1978)." (doc. 17 at 6.) He claims that he filed pre-trial motions "requesting substitute counsel," and that the "trial court failed either to appoint separate counsel or take adequate steps to ascertain whether the risk of conflict of interest was too remote to warrant separate counsel." (*Id.*) He states that the "trial court had a duty to conduct a hearing in this case but it did not." (*Id.*)

Petitioner raised this claim in his state habeas application, relying on *Holloway v. Arkansas*, 435 U.S. 475 (1978), and *Cuyler v. Sullivan*, 446 U.S. 335 (1980). (*See* doc. 29-11 at 28-29.) Prior to trial, Petitioner filed two motions to dismiss counsel based on the "[f]ailure of counsel to meet with defendant and/or acquaint himself with the facts of the case-at-bar; [and] [t]otal breakdown of communications between attorney and client," and the "[f]ailure of counsel to file motions as requested by client; . . .[and] [t]otal breakdown of communications between attorney and client." (doc. 17 at 11-14; doc. 29-11 at 50-53.) He also sent handwritten letters to the trial court about contacting and communicating with counsel before trial. (*See* doc. 17 at 15-17; doc. 29-11 at 54-56.) During the habeas proceedings, the trial court noted that Petitioner had filed several motions to dismiss counsel, and that he admitted in his state application that he "refused to cooperate and communicate with his lawyer in regards to his defense." (doc. 29-9 at 14; *see also*

5

doc.29-11 at 28.) It also found that the docket did not indicate that a hearing was conducted on Petitioner's motions, that the record did not have a transcript of any such hearing, and it did not appear that Petitioner had "actually presented his request to remove [counsel] as his attorney to the Court for a ruling." (*See* doc. 29-9 at 14.) The trial court stated that it "does not normally intervene in cases without a request for a hearing on a specific matter," and none appeared to have been presented for a ruling. (*Id.*) It concluded that Petitioner's claim was not preserved for review because it had not been raised on appeal, but even if it had, it was without merit. (*See id.* at 17.) The Texas Court of Criminal Appeals denied relief on this issue when it denied Petitioner's application for state habeas relief. (*See* doc. 29-1); *Ex parte Houston*, No. WR-87,339-01 (Tex. Crim. App. Nov. 7, 2018).

As noted by Respondent, "*Holloway* requires state trial courts to investigate timely objections to multiple representation." *Sullivan*, 446 U.S. at 346. In the context of multiple representation, a state trial court has no duty to initiate an inquiry "[u]nless the trial court knows or reasonably should know that a particular conflict exists." *Id.* In his reliance on *Holloway* and *Sullivan*, Petitioner "confuses 'conflict' in its generic sense with the term of art 'conflict of interest,'" only the latter of which is subject to the decisions in those cases. *Vega v. Johnson*, 149 F.3d 354, 360 (5th Cir. 1998). Conflicts of interest occur when counsel "is prevented, by his own self interest or by his interest in another's welfare, from vigorously promoting the welfare of his client." *Id.* To establish a Sixth Amendment violation, "a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance." *Sullivan*, 446 U.S. at 350.

Petitioner's pre-trial motions to dismiss and letters do not allege or demonstrate a multiple-representation conflict of interest requiring an investigation or hearing by the trial court. *See Carter v. Davis*, No. H-17-0276, 2018 WL 1089224, at *6 (S.D. Tex. Feb. 26, 2018) ("Filing a

6

motion to dismiss counsel does not demonstrate an actual conflict of interest.") (citing *Morin v. Thaler*, 374 F. App'x 545, 551 (5th Cir. 2010) (stating that a conflict must be actual, and not speculative, hypothetical, or potential)). They instead identify, at most, communication and trial strategy issues between Petitioner and counsel. (*See* doc. 17 at 11-17; doc. 29-11 at 50-56.) In response to the allegations, trial counsel submitted an affidavit in the state habeas proceedings denying any conflict of interest or breakdown in communications between him and Petitioner. (*See* doc. 29-9 at 20.)

Because Petitioner has failed to demonstrate that counsel rendered deficient performance due to an actual conflict of interest, he cannot establish that the state trial court's failure to conduct a hearing was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts. He fails to show there was no reasonable basis for the habeas court to deny relief, and his claim should be denied.

## IV.    INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the petitioner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams*, 529 U.S. at 393 n.17 (recognizing that the inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

Here, Petitioner argues that trial counsel was ineffective when he "erroneously advised [Petitioner]—he had no right to represent himself." (doc. 17 at 6.) He alleges that "[t]here is a reasonable probability of a different outcome had trial counsel advised Petitioner correctly about self representation [sic]," and that the state court's "decision was unreasonable." (*Id.*) Petitioner raised this claim in his state habeas application. (*See* doc. 29-11 at 32-33.) The trial court noted that counsel's affidavit stated that he and Petitioner at no time discussed Petitioner representing himself at trial; that he did not tell Petitioner he could not represent himself; and that Petitioner never asked the trial court to allow him to represent himself. (*See* doc. 29-9 at 15.) The trial court also found that Petitioner "did not prove that counsel's representation fell below an objective standard of reasonableness. Nor did he prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have differed." (doc. 29-9 at

8

17.) The Texas Court of Criminal Appeals subsequently denied the claim when it denied Petitioner's state habeas application. (*See* doc. 29-1); *Ex parte Houston*, No. WR-87,339-01 (Tex. Crim. App. Nov. 7, 2018).

A criminal defendant has a right to represent himself at trial. *Faretta v. California*, 422 U.S. 806 (1975); *United States v. Long*, 597 F.3d 720, 723-24 (5th Cir. 2010). Even if counsel rendered deficient performance in advising Petitioner as alleged, however, Petitioner has not shown that he was prejudiced by counsel's performance, i.e., that there was a reasonable probability that, but for counsel's alleged deficiencies, the result of the trial would have been different. His conclusory statements of prejudice are insufficient to satisfy the second prong of *Strickland*. *See Miller*, 200 F.3d at 282 ("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."); *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."). His claim is therefore meritless.

Because his claim is meritless, Petitioner has not shown that the state court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Nor has he satisfied the doubly deferential standard to obtain relief. Accordingly, his claim should be denied.

## V.    INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

In his third ground, Petitioner contends that his appellate counsel provided ineffective assistance under the Sixth and Fourteenth Amendments. (*See* doc. 17 at 7.)

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts*, 469 U.S. at 396. Whether appellate counsel has been ineffective is also determined by using the standard enunciated in *Strickland*. Under *Strickland*, the petitioner must show a reasonable probability that but for counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and internal citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

Here, Petitioner claims appellate counsel was ineffective because she "failed to raise on direct appeal error based on the trial court in failing to conduct a hearing on known conflicts of interest regarding but not limited to; irreconcilable conflicts; breakdown in communication between attorney & client." (doc. 17 at 7.) He claims that "[t]here is a reasonable probability of a different outcome had [Petitioner's] appeal attorney raised the error." (*Id.*) Respondent contends that Petitioner's claim of ineffective assistance of appellate counsel is unexhausted and procedurally barred. (*See* doc. 30 at 9-12.)

10

A. **Exhaustion and Procedural Bar**

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust under § 2254, he must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a PDR or a state application for a writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. A petitioner must also present his claims in a procedurally correct manner. *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001); *Deters*, 985 F.2d at 795.

The normal rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies, and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). In those cases, the federal procedural default doctrine precludes federal habeas corpus review. *Id.*; *see also Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim that would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition to be procedurally barred).

Here, Petitioner did not file a PDR, and the record shows that he did not raise his ineffective assistance of appellate counsel claim in his state habeas application, so the claim is unexhausted.[3]

---

[3] In his supplemental reply, Petitioner claims that he presented this claim to the state court and attaches two pages of a state habeas application form for "Ground Two" that includes a claim that appellate counsel failed to "raise a conflict of interest claim." (doc. 31 at 1, 13-14.) The document is not dated or file-stamped, and Petitioner does not identify or include the filing from which this document came, however. (*See id.* at 13-14.) Further, the claims set out in the attachment are different from those set out in "Ground Two" of Petitioner's state habeas application filed in the trial court (*compare id.*, *with* doc. 29-11 at 28-29), were not otherwise mentioned in his state habeas application (*see* doc. 29-11 at 21-46), were not included in his motion to amend the state habeas application (*see id.* at 95-97), were not

He would be barred from raising the claim in a successive state habeas application, so his claims are also procedurally barred from federal habeas review. *See Nobles*, 127 F.3d at 423. Nevertheless, the Texas bar on successive or subsequent state habeas applications "will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Trevino v. Thaler*, 569 U.S. 413, 429 (2013) (quoting *Martinez v. Ryan*, 566 U.S. 1, 17 (2012)). "A 'substantial' claim is one that has 'some merit.'" *Ibarra v. Davis*, 738 F. App'x 814, 817 (5th Cir. 2018). "An insubstantial claim is one which 'does not have any merit' or is 'wholly without factual support.'" *Id.* Accordingly, determination of the merits of Petitioner's unexhausted claim is required.

**B.     Failure to Conduct Hearing**

In his unexhausted claim, Petitioner argues that appellate counsel was ineffective for not raising his first ground for relief on direct appeal. (*See* doc. 17 at 6-7.) As discussed, Petitioner's pre-trial motions to dismiss and letters did not allege or demonstrate a multiple-representation conflict of interest requiring an investigation or hearing by the trial court. *See Carter*, 2018 WL 1089224, at *6; *Sullivan*, 446 U.S. at 346 ("*Holloway* requires state trial courts to investigate timely objections to multiple representation."). Because he has not shown that his trial counsel rendered deficient performance due to an actual conflict of interest, he also fails to demonstrate that the argument on appeal was meritorious based on directly controlling precedent. *See Williamson*, 183 F.3d at 462-63. Accordingly, appellate counsel was not deficient for failing to raise a meritless claim on appeal. *See Phillips*, 210 F.3d at 348 (holding that attorneys do not

---

mentioned in the trial court's findings of fact and conclusions of law (*see* doc. 29-9 at 12-18), and are not in the state records filed in this case (*see* docs. 15, 29.) Accordingly, Petitioner has not shown that he presented his claim to the Texas Court of Criminal Appeals in a procedurally correct manner. *See Deters*, 985 F.2d at 795; *Bautista*, 793 F.2d at 110.

render deficient representation by failing to present meritless claims on appeal). Further, *Strickland* "[p]rejudice does not result from appellate counsel's failure to assert meritless claims or arguments." *Auvenshine v. Davis*, No. 4:17-CV-294-Y, 2018 WL 2064704, at *4 (N.D. Tex. May 3, 2018).

Even if appellate counsel's performance had been deficient for the reasons alleged by Petitioner, he has not shown prejudice. To show prejudice, a petitioner must demonstrate a reasonable probability that, but for counsel's alleged deficient performance, the jury would have found him not guilty or he would have received a lower sentence. *See Strickland*, 466 U.S. at 694. Petitioner's conclusory statement of prejudice is insufficient to obtain relief. *See Miller*, 200 F.3d at 282; *Green*, 160 F.3d at 1042. Accordingly, the unexhausted claim of ineffective assistance of appellate counsel is without merit, and is not a substantial claim that excuses the procedural bar. *See Ibarra*, 738 F. App'x at 817. His claim should be denied.

## VI. RECOMMENDATION

The *Final Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on January 8, 2019 (doc. 17), should be **DENIED** with prejudice.

**SIGNED this 4th day of October, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE